UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| KURTIS NARADA JONES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV420-079 |
| | ) | CR418-237 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Kurtis Narada Jones moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. CR408-226, doc. 51[1]; *see United States v. Almand*, 992 F.2d 316, 317 (11th Cir. 1993) (individuals challenging the validity of any sentence, including those imposed for revocation of supervised release, must utilize § 2255). The Court **DIRECTS** the Government to respond within ninety days from the date of this Order. 28 U.S.C. § 2255 Rule 4(b).[2] Jones' motion seeking the Government's response is **DENIED** as moot. Doc. 56.

---

[1] The Court is citing to the criminal docket in CR418-237 unless otherwise noted.

[2] The Court did not previously direct the Government to respond, as it appeared that the motion was untimely. During the Court's review of the motion, pursuant to 28 U.S.C. § 2255 Rule 4(b), it accepted the movant's allegation that judgment was entered against him on November 14, 2018. *See* doc. 51 at 1. The motion indicates that, pursuant to the Prison Mailbox Rule, it is deemed filed on April 14, 2020. *See, e.g.,*

Jones has also filed a document captioned "Motion for Summary Judgment." Doc. 57. Summary judgment, as provided by Federal Rule of Civil Procedure 56, may be available in proceedings under § 2255. *See* 28 U.S.C. § 2255 Rule 12 (applying the Rules of Civil Procedure to § 2255 proceedings, "to the extent they are not inconsistent with any statutory provisions or these rules"); *see also, e.g., Coppedge v. United States*, 2018 WL 8368873, at * 5 (E.D.N.C. July 6, 2018) ("Motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure may be used to resolve § 2255 motions."). *Cf. Bolton v. United States,* 221 F. App'x 880, 881-83 (11th Cir. 2007) (noting, without criticism, that "[t]he district court granted summary judgment in favor of the government and denied the § 2255 motion without . . . the evidentiary hearing [movant] requested," and remanding to conduct an evidentiary

---

*Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009) ("Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."). Based on the alleged date of judgment, the one-year statute of limitations on § 2255 motions would have run in 2019. *See* 28 U.S.C. § 2255(f)(1). Jones appeared to concede that the motion was untimely, given his response in the section of the form motion provided to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion." Doc. 51 at 14. A closer review of the docket reveals, however, that Jones' chronology is simply mistaken. Judgment was not entered against him until May 6, 2019. *See* doc. 46. His motion therefore appears timely, at least for purposes of preliminary review. Accordingly, the Government must respond.

hearing). Even if summary judgment is available in § 2255 proceedings, Jones' motion is insufficient; it includes none of the required factual support, *see* Fed. R. Civ. P. 56(c), and no statement of material facts, *see* S.D. Ga. L. Civ. R. 56.1. Jones' suggestion that "a review of the record" will show a lack of genuine dispute of material fact is inadequate. *See* Fed. R. Civ. P. 56(c)(3) ("The court need consider *only* the cited materials . . ." (emphasis added)); *see also, e.g., Adler v. Wal-Mary Stores, Inc.*, 144 F. 3d 664, 672 (10th Cir. 1998) (district courts are not required to consider facts not referenced in summary judgment materials). Accordingly, Jones' summary judgment motion should be **DENIED**. Doc. 57.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED and REPORTED AND RECOMMENDED,** this 23rd day of June, 2020.

*/s/ Christopher L. Ray*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA